The next case is number 2012, 1188, NISSIM CORP v. CLEARPLAY v. Matthew Jarman v. Lee Jarman. Mr. Kelly. Good morning and may it please the Court. There are only a few issues on this appeal. The primary issue is one of contract interpretation, which this Court reviews on a de novo basis. And that interpretive issue is whether the parties settlement and patent license agreement requires CLEARPLAY to use the specifications to determine objectionableness in making the filters pursuant to the agreement. Even if we agreed with you, suppose that I agreed that they have to use the custom play specification. Their argument, as I understand it, is summary judgment was still appropriate because they presented evidence that they did use the custom play specification. Your Honor, what they argued is apples versus oranges. What they argued is they use the specifications, but what they are arguing in reality, when you look at the record admissions that we cited in the brief, are not the relevant use of the specifications. They said we use the specifications, but they nowhere have said, and there is nowhere in the entire record of this case where they have ever offered any evidence that they use the specifications to identify what is objectionable when they make the filter. What they have said is, and what they are referring to, every single one of their citations when they say we use the specifications, what they are referring to is they are using the specifications later on after they independently in their own ad hoc judgment decided what they are going to filter. They then say they use the specifications to label that content. That is not what we are talking about here. The duty we are talking about here is the duty to use the specifications to identify what is objectionable in the first place. And if I could refer the court to our brief at page 21, we asked their president, clear-placed president. Where are you referring to? You do not identify objectionable content using the definitions and rules, etc., contained in the custom play specifications. Answer, no, we do not. And that can go on and on. Next page, 22 of our brief. So you are not required in your opinion to identify the content as objectionable based on what the custom play OC specifications set forth as objectionable content. Answer, yes, that is correct. The special master in the prior proceeding asked his own question of their president during this case and said, this is on page 23 of our brief. So the way you use the OC specifications is once you use your artistic judgment to determine the particular segment of a movie is objectionable, you then turn to the specifications to determine how you are going to categorize it. So these admissions from their president are replete throughout our brief here. Let me ask you a question and make sure I understand this correctly. At one point after remand, or maybe before remand, the decision was made to select a sample of filters to examine them due to the impracticality of reviewing thousands of filters. Is that right? Actually, your honor, the sample was selected the first time around before this court's review and remand. Then after remand, the court was reviewing those samples and then the samples were withdrawn by co-play, I mean clear play. Is that correct? Co-play is what my kids listen to. Basically, yes, your honor. What happened was this court reversed the contract interpretation. We went back down on remand. The court ordered us to use the same procedure as before, i.e. the same sample set procedure as before. So the samples were selected to represent a sampling of the universe of all filters. Yes, and the way we did that, your honor, is Nassim picked – there was a sample set of 8 for a universe of 2,000. Nassim picked 8 and clear play picked – I'm sorry, there was a sample of 8. We picked 4. They picked 4. And the parties chose those to be a representative sampling of that universe. And the idea was that in reviewing those 8 samples that if a certain amount were to be found to be substantially nonconforming, then there'd be breach. Is that correct? The order which set up the sample set, which was stipulated to by the parties and entered by the district judge, was such that the ruling on the sample would be presumptively binding on the universe from which the sample was drawn, i.e. if the sample findings were that they're not of substantial compliance, then the whole universe would be subject to… So if clear play, when they withdrew all 8 samples and they said we're going to take them off the shelf and we're no longer going to work with those 8 samples, isn't that a concession or isn't that an admission that all 8 were substantially nonconforming? We believe it should have been. What happened was… Isn't that what we're reviewing here, the issue of mootness, whether the district court was correct in deciding that the case was moot because all 8 samples had now been withdrawn and there was no basis upon which to grant relief? The motion to enforce the agreement, which is this proceeding, we asked for findings of noncompliance and breach. I understand that, but the district court found that the case was moot. The district court found that their withdrawal of the 8 from the market rendered the case moot. The reason the district court was wrong by saying it's moot is because they didn't concede the noncompliance. We asked for findings of noncompliance that would apply not only to those but to the universe. They took off just the 8, didn't offer to take off the other 1900. Explain to me why that's not a concession. Because they refused to give the concession. They didn't make the concession. In fact, they explicitly said we are not conceding noncompliance. But if they take them off and off the shelf, off the market, isn't that an admission of concession of noncompliance? Not an explicit one. We asked for a finding of breach. And the reason it's important, Your Honor, is because whether or not they breached is not only important in this case, but it has collateral consequences in another case between the parties where Clearplay is suing Nassim for over $100 million. And one of Nassim's defenses is, well, you breached the agreement first. And so they took the filters off the market to try to get rid of this dispute on the eve of the proceeding and didn't concede the noncompliance or the breach. Well, but you can still bring the arbitration for the other 1992 filters or whatever it is, right? You can still – I mean you have, what is it, 4.6, 4 point something, the clause that governs. You can bring an arbitration dispute for all of those. Well, Your Honor, this is a situation where we had a case going on in district court. And right on the eve of the trial before the special master, a month before he was going to do the analysis again on remand, the form was pulled out from under our feet. Well, but the district court didn't have to exercise jurisdiction over this case. You have an arbitration agreement in the contract. So the district court had the discretion to exercise jurisdiction. And by God, you drove him right out of that discretion, right? Y'all, between the two of you convinced him he didn't want anything to do with this case. And he ran screaming. The district court, when the case was – it was a patent case to start out with. Which I probably would have done too. This court remanded the case to the district judge to re-decide the motion to enforce. The court had exercised jurisdiction. There was a judgment, there was an appeal, there was a vacature and remand by this court. The district court had exercised jurisdiction. But can't you exercise and then de-exercise? Isn't that a possible use of jurisdiction? I mean, we'd have to review something like that for an abuse of discretion, right? Are you saying it was completely improper and he did not have the right to relinquish jurisdiction over the other 1,992 filters, no evidence of which had been presented in any sort of trial or part of the case at that point in time? Are you saying that he abused his discretion by saying, I'm not going to exercise jurisdiction over these additional filters which have not been the subject of the analyses up until that point? I think once this court remanded for him to re-decide the motion, and the motion put those 2,000 at issue, the district court had an obligation to implement this court's remand. Under what authority are you saying when the district court has the option to exercise jurisdiction that he has abused his discretion by refusing to do so? Under what – give me a case name that suggests district courts are not free to decide not to exercise jurisdiction over these new filters.  We do not dispute that the district court had full discretion to withdraw jurisdiction over any future dispute that might arise. What we think is an abuse of his discretion, however, is refusing to adjudicate the dispute that he had already exercised jurisdiction over and had been remanded to him by this court to decide. It's like a court right before trial saying, well, I'm not going to exercise jurisdiction after the court is ready to go to trial.  Originally, you all said eight filters, and these are representative. Well, you know, that doesn't sound so awful. But then when you say, no, you're going to have to go through them all one at a time, through all 2,000, that sounds like a better use of the arbitration provision which is in the contract, doesn't it? I mean, don't you think that materially changes the circumstances for the district court such that at that point he ought to have the option of reevaluating whether he wants to exercise jurisdiction or not? Well, Your Honor, we asked for something far simpler than that. We asked for recognize that they have a duty to use the specifications to identify the content as objectionable. They clearly don't do that. Okay, wait. I'd like to ask you to open up your appendix to page 8274 and 8275, which is testimony related to the Tweaker 2 software. And it looks like this is the developer of the Tweaker 2 software, 8274 and 8275, right at the bottom. And what role, see on page 8274, right around line 14, and what role did the 5.5 specifications play, if any, in your selection of descriptors for the content? Now, you agree that's what they were supposed to do, right? They were supposed to use it, ex ante, to figure out what content should be filtered. They are supposed to use it to figure out what to filter, yes. Right, okay. So in what role? And then he explains, well, gosh, none really because he came up with the content before he had known about the custom play OC specifications. That's what it really says in that next paragraph. Then you go on to the top of the next page. So after I received the custom play OC specifications, I went back into the Tweaker 2 software and added or incorporated new descriptors for the type of content that was described in the custom play OC specifications that I had already put into the Tweaker 2 software. So it looks like he went back and used, or at least the testimony is, and look, I'm not saying that this is true. You might well be able to disprove it. But why doesn't this create a question of fact sufficient to justify what the district court did? Well, first of all, the district court erred because he didn't recognize the contractual duty as an interpretive matter in the first place. That's the number one error we're seeking correction for. Yes, but even if you're right and he should have recognized the contractual duty, the factual record establishes that they have evidence that they did recognize and do exactly what you're saying it was their duty to do. Now, you may well be able to disprove this ultimately in a trial, but why isn't this enough to preclude a summary judgment type? Because what they're referring to in this testimony, Your Honor, is labeling the content once they've already decided it's subjective. That's such a question of fact. I mean, this testimony says they used it, they added or incorporated in an ex-ante context the content from the custom play OC specs. You've got to say that he couldn't, that it was so clear that it had to have been J. Muller. There's no fact question here. And I don't see how this testimony alone doesn't give them enough for a fact question to possibly get through. If you look at the admissions from their president that I referred to earlier in this argument where we specifically say, what did you do to identify the content? Did you use the specifications? They say, no, we didn't. They're talking here about finding descriptors to label stuff that they've already decided on their own judgment, not according to the specifications, and under their own judgment to filter as objectionable. But he said that, right? He said that on the bottom of 8274. He said he didn't know he was supposed to use the custom play OC specs right away, so he had gone through and done it, you're right, using his own judgment. And he said once he got the specs, he went back, made sure everything matched up with the specs, and added and or deleted things when they didn't. It seems like, at least if this were the only testimony in the record, it seems like they complied. I know it's not. That's for the fact question. Let me just say this, Your Honor. If this creates a fact issue as to whether they used the specifications to determine objectionableness, then what the court ought to do is tell the district judge it erred in construing the contract, that there is a duty to use the specifications to determine objectionableness in the first instance, and remand and let the district court decide the disputed fact question, if you believe there's a disputed fact question on this record. But the error of the district judge in interpreting the contract is one that does require correction from this court. It's the only way that error is going to get fixed. And the district court erroneously ruled that they don't even have to use the specifications to identify what's objectionable. And all we really want here, the most important thing, is an order for them to use the specifications to determine what's objectionable. It's fundamental to this agreement. It's the reasonability of this agreement. In terms of relief, are you looking for damages of any kind, royalties? You're just looking for some sort of a declaration that they use the specifications in order? This motion to enforce, Your Honor, this case only seeks enforcement of the agreement. We want, in order, just have the district judge tell them to use the specifications to make the product. For the rest of this agreement, we've got 14 months left. To this day, they don't use the specifications. It's no wonder there's thousands of noncompliant products. Stay on the issue of damages for a second. We're not seeking damages in this matter, Your Honor. We're just seeking, go tell them to use the specifications. And then we'll have compliance. As a matter of reputation, I observed that there was no request for damages or anything else. You just want their product to be of the same quality as yours? That was the reason for the settlement agreement. My client invented this technology. It was the pioneering patents on this technology. He wanted to create the industry standard for this product, and he wanted it to be adopted across the country and have all the products work the same way, consistently filter out the bad content. Make sure that if a user wants something taken out, the filter is going to do that for the user, to give the technology a good name. Let me continue on with the damages issue. So you say you're just looking to enforce the agreement. So you're not looking for attorney's fees. You're not looking for any type of royalties, any type of damages at all, other than just an order requesting that they comply with the agreement. When we started the case, there was a request for them to make them pay royalties. That's been dealt with already. Am I correct that you're not looking for attorney's fees? We asked for that in our prayer for relief, yes, Your Honor. We did ask for attorney's fees, yes. This is what I'm asking you as to what? But not damages. I'm asking you, and I ask you very clearly, what kind of relief are you seeking? You say you totally know, but now you're saying that, yes, you are looking for attorney's fees. Is there any other type of relief that you're looking for in this case? We're seeking finding a breach. We're seeking an order to make the user's specifications to determine objectionableness. We're seeking a fee, not damages. And we're seeking that products that weren't compliant, weren't made in compliance, be removed until they're brought into compliance. Okay, thank you. Thank you, Your Honor. Okay. All right, thank you, Mr. Carey. We'll save you some rebuttal time. Let's hear from Mr. Page. Your Honor, Reed Page on behalf of ClearPlay. May it please the Court. There are two motions that are before the Court. Mr. Page, let me ask you a question. Yes. Let's say that I'm going to sell some apples and I have a big barrel full of apples. And somebody comes along and accuses me of selling bad apples. And we've got a limited time to look at all the apples. And we decide, you pick five apples, I'll pick five apples. And on the basis of those ten apples, we're going to decide whether I get to sell the remainder of the barrel of apples or not. You go, you pick five, I'll pick five. We set them up. And as we're going through the review, you can see that some of them are bad. And so you can see some are bad. As we're going through there, then all the apples are taken off the shelf. I say, I'm going to take all the apples off. We no longer have ten apples to look at. And that's pretty much what happened here, right? The district court at that point said that the case is moved because we no longer have the eight filters. We no longer have the ten apples. But if the apples have been removed off the shelf, as were the filters, doesn't that mean that those apples were intended to represent the entire universe? And we decided, based on these ten, we're going to decide the remaining apples. Isn't it the case that when your client removed the eight filters off the market, conceded problems with some of them, that that means that all the filters, all of them, are substantially noncompliant? It would, Your Honor, if you were using a sample set procedure. However, in this case, there were significant occurrences that changed the whole set of disputes that were before the district court at the time that this case was moved. As to the issue of mootness? Yes, Your Honor. As to the issue of mootness specifically, it started out with a motion to enforce an original order referring this to a special master. And in that original order to the special master, which was entered in July of 2008, the parties agreed to look at a certain number of filters. There were two phases, and it was a certain number of filters that were applied. And we agreed to that. And then we went through that procedure, came to the Federal Circuit. It was heard by the court. The court sent it back down to the… On this issue, there were critical statements in the Federal Circuit opinion that was issued in May of 2010 that eliminated the capability to use a sample set in both parties' perspective. So, for instance, the order by Judge Moore dictated that the standard is substantial compliance, which is determined on a case-by-case basis. So you wouldn't look at ten apples and apply that to the whole basket. You would look at all the bushel of apples. And so you'd have to look at each one. Excuse me a second. Yes. Okay, so when the sample was taken off the table by your client. Correct. Okay. And the court said… Wait, was it taken by your client or did they actually propose it? It was taken by a joint order that was submitted to the court in… Let me find this. It's in Joint Appendix 59-26-32, and it was submitted after the Federal Circuit's opinion in May of 2010. And I can't remember the exact date, but it was well after the original order. And it said we are going to… The special master was tasked to determine whether each of the filters, they were identified in a different paragraph, separately and individually substantially complies with the custom play objectionable content specifications. That's a JA 59-30. And if you look at that, it changes the nature of the dispute completely. We're not taking ten and applying it to the bushel. We're taking each one and we're reviewing each one. And it sort of explains why we did what we did. We got to the point where we're establishing a procedure to look at these eight, and next thing you know we have unlimited depositions, briefs before and after the special master proceeding, two weeks of hearings on eight movies. And we say this is eight of 2,000. How do we possibly pay for this proceeding and continue with this? So when the eight filters were removed, whether it was done by your client or jointly, doesn't that take you back to the other remaining 1,990 filters? I'm sorry, I didn't mean to interrupt. It does take you to the other 1,992. However, those have been determined by the court to be dealt with under 4.6, which is a different issue. It's the jurisdictional issue. If we get to the point where we agree that there are eight movies before the district court and we've given complete relief on those movies, then the issues before the district court are done. And so the parties agreed that eight movies would be dealt with individually, individually, individually in the special master proceeding. So the limitation to the eight movies is there. Then the second question that the court has to look at is do we give full relief on those eight movies? And that takes you to the issue of what was the relief that was requested. First off, what did we offer them? We offered them either to change those eight movies to comply with exactly their version of what they should be, or we would take them off of the market and we would remove them from our catalog of thousands of movies and those eight movies would never be seen unless the parties eventually agreed to change them to however they determined it to be. Now, NISM identified four types of relief that it should have received, and it's briefed at page 52 and in the reply brief at page 16. But if you look back at their actual demand for relief in the motion to enforce, the four items are, one, a finding that Clearplay has breached the settlement agreement by making and distributing new Clearplay filters. If you look at that item, they're just not entitled to that for several reasons. The first of which, they didn't file a declaratory judgment action. They filed a motion to enforce a settlement agreement asking for specific performance of a contract. Because it really wasn't denied, was it, what they pointed out, that there was not specific performance with the details of that agreement. The portions in their brief which were read to us this morning your client explicitly says, no, we're not doing it their way, we're doing it our way. Your Honor, that would be on the... There are disputed issues, as pointed out by Judge Moore, on this issue. We have plenty of testimony that we did... We went to all ends to incorporate this into our business processes. Just because we didn't hand every single coder an 80-page book... But that directly contradicts the testimony of the head of the company. He says, no, we do it our way. And if you think about the way the business process works, it explains that testimony. Because the business process that you're looking at... He says, no, perfectly straightforward, honest answer, we do it our way. And when you look at what the actual questions are asking, is do you hand people this book and they look at it and identify this objectionable content? In a business where you're looking at thousands of movies, an 80-page book that makes you look at individual things and go back and forth would paralyze a company. So what you try to do is you try to create things like the tweaker program that goes through and is a shortcut for how you would... It incorporates it into the business process. That's not what the contract says. The contract says you will use our 80 pages of instructions and do it our way. And I believe that Clearplay went to all lengths to incorporate those 80 pages of OC specifications into their business process. The testimony was no. You may believe it, but the witness said no. Your Honor, there's different testimony on this issue. There's the president of the business and then there's the gentleman, Mr. Kidd, who created the software program, who is in charge of the process of complying with the OC specifications, and ran this whole process over the course of a year of implementing this across thousands of movies. So you're telling us that since a subordinate in the company disagreed with the head of the company that the trial judge correctly relieved the subordinate and said, don't bother me with all this? No, that is not what I'm saying, Your Honor. I'm saying that the president of the company was speaking to a different issue. The president of the company is speaking to whether they look at... He wasn't speaking to breach of contract. That was a direct question. This is what you agreed to do? Are you doing it? He says no. And if you look at the actual contract, if you look at what it says to do as far as the actual implementation of the OC specifications, what is specifically discussed in the contract is taking these 13 categories and these four levels of explicitness and implementing it into the clear play business process. It doesn't specify some two-step process where you use something else to identify and then you use the OC specifications to categorize. And that's not what anybody does here. It is, when you think about it, you're looking at a movie and you're trying to determine does this particular scene have objectionable content in it. And some of them are easy and some of them are hard. But when you're doing that, the idea that you would have these categories and levels of explicitness in your computer programs, in your business processes and such like that, and then you would not use them to identify the content as well. So for instance... You're asking us to make the findings that the trial judge didn't make. You're arguing that what your client does is okay because it's such a burden to do it otherwise. The court never got to that. I'm not arguing that. I'm arguing that the contract does not require this. It doesn't require a two-step process. It's all one step. And the determination, as governed by the prior Federal Circuit opinion, is whether we substantially comply. That's the only standard that's in the contract, is whether we substantially comply with the OC specifications. If the judge didn't file substantial compliance, he decided it was moot because you pitched the eight that had been selected as samples. Correct, Your Honor. But the eight that were the individual movies that the finder of fact was to look at were an isolated aspect of these, and the only question that was supposed to be determined is whether they substantially complied with the OC specifications. That wasn't determined. It wasn't determined because we offered all relief that was asked for by... As to the eight. Excuse me. As to the eight. But that's the only issues that were before the district court. If you look at this from the Federal Circuit's prior opinion that substantial compliance is determined on a case-by-case basis... They were representative. They weren't supposed to be the only ones. However, the subsequent order for the special master proceedings that I previously quoted from made it very clear that the parties agreed and the court ordered that the sample set procedure was not applicable anymore. And the reason is that when you look at the prior Federal Circuit opinion in May 2010, it's just not compatible with the sample set procedure. You're saying we made a mistake? Could that be? I am saying that the Federal Circuit was absolutely correct. I am saying that when it came back to the district court there were changes in the procedure that had to occur, and that once those changes in the procedure were implemented it was no longer a sample set procedure. It was a movie-by-movie-by-movie basis. And then when we offered full relief on those eight movies that moved to the case. How does that move it if you've only withdrawn eight of the filters? What happens to the remaining 1,900? There's a dispute resolution procedure that has been agreed to by the parties in paragraph 4.6. Answer my question. Yes. I wasn't asking about arbitration. I was asking about the remaining 1,900 filters. Correct. The judge has withdrawn jurisdiction over those movies. No, the judge said it was moot. The judge did not say it was moot as it relates to the 1,992. The judge said it was moot as it relates to the eight that were before the court. And the limitations of what were before the court were eight movies, and that was it, after the Federal Circuit. And they're free to bring a suit through the Arbitration Clause 4.6 against you for the other 1,992. Yes, Your Honor. Nothing that has happened here has in any way precluded them from bringing suit under the Arbitration Clause. No, Your Honor. They have that completely available to them. And so on that withdrawal of jurisdiction question, as Judge Moore commented, it's an abuse of discretion question, and we, for litigants, we sometimes do this. We ran the judge off, and the judge said, you've agreed to this under 4.6. You go under the provision that you've agreed to and deal with the movies as you agreed to. Within this long litigation, have any of the parties sought to compel arbitration? Yes, Your Honor. We have sought to compel arbitration,  You filed a motion to compel? No, Your Honor. There is no written motion to compel. There are a few different... Was any formal steps taken by the litigants at the district court level seeking to compel arbitration? Yes. There was a hearing held before Judge Huck in which the parties discussed whether they were going to use the procedures of 4.6 or something different. At that hearing... What was the something different? The something different would be, for instance, the special master proceeding that we currently went under. And the decision was? The decision was to use this on a premise that the dispute that was before the court was different. No one has argued or no one has appealed that decision of the court. Correct. And the parties agreed to that, to forego arbitration and to proceed with the litigation. Correct. However, at this point, it's not a question of whether we've compelled arbitration. We are at the point where we've resolved all disputes that were before the court. And now the judge has said, I withdraw jurisdiction over anything that happens in the future on this motion to enforce. I am not exercising my ancillary jurisdiction anymore and you deal with it how you need to. And so his job has been done as far as what he was told to do by this court and by the parties. And now the parties have to go and figure it out on their own, basically starting over on the 1992. And we've agreed to a procedure that is simple, efficient, effective on how to deal with those. And nobody is going to be denied any right to play. What is that procedure? The procedure is you submit a one-page position paper to a special master and that special master determines whether the movie is substantially compliant or not, which there will be guidance from the Federal Circuit's opinion about what that contract means. Wouldn't it make more sense to have a representative sample of the 2,000 filters, say 100 or 20, and decide on that basis? It might, Your Honor. However, the Federal Circuit's prior opinion in May 2010 makes it an impossibility because it is done on a case-by-case basis. The substantial compliance is the rule and whether a particular movie is substantially compliant is determined on a case-by-case basis. As Nassim said itself, there is no such thing as a compliant or non-compliant sample set. There are only compliant or non-compliant individual filters. That's what they said after we came back from the Federal Circuit. Who was they saying? Nassim. Nassim made this argument before the Court at JA-5899. Now, what if we believe that the District Court cared to the extent that he did not require you to use the custom play OC specifications on the front end for filtering purposes? What if we think there was an error in his analysis or his interpretation of the contract? Do we need to... How do we fix that? What do we need to do? What should happen if we believe... Here's my problem. I think you've got to use the custom play OC specifications up front. I think you have evidence to suggest you did. You have evidence also, as Judge Newman has pointed out, that clearly suggests you didn't. Either way, it creates a question of fact. What happened here is the District Court judge said, I'm refusing to grant summary judgment because I think there's a question of fact. Then you withdrew them and took the whole thing away. The last thing sitting out there is this ambiguity about whether you have to use them in order to come up with the filtering. Wouldn't it be useful for us to issue an opinion that explains that you do have to do that? Wouldn't it be helpful in the future arbitration to have that portion of the contract clearly interpreted by the appellate court? I think it may be a situation where the court is limited by what's presented to it. It's a motion for summary determination. If they are asking for a determination that factually we didn't do this, that they are required to do this. In the context of ruling a motion like that, you might be able to give advice on what the... You would be able, obviously, to give advice on what the contract means and your interpretation of how the procedures might work to do so. However, the motion is to determine that we didn't comply.  It appears that it might be to the tune of an advisory opinion, and I'm not positive what the court would have available to it in order to issue an opinion of that ilk. Okay. All right. Thank you, Mr. Page. We've run over, so let's have a good rebuttal time. Your Honor, three quick points. Number one, on the issue of whether there's a fact dispute as to whether or not they use the specifications on the front end. One, clear-cut admission is on page 23 of our brief. I read part of it before. The special master asked the president, so the way you use the O.C. specifications is once you use your artistic judgment to determine objectfulness, you then turn to the 5.5 specifications and determine how you're going to categorize it. Answer, yes. Special master went on. But until you look at it and determine this is going to be objectionable content, you have not yet used the specifications in your decision-making process. The witness, yes, that is accurate. These admissions are all over the place, that they don't use the specifications to determine what they're going to filter. They only use them once they've made up their own minds about what they're going to filter, they label it. And the testimony that Judge Moore alluded to earlier, the key there is that testimony related to descriptors, those are the labels. That's the labeling step, the second step, not the identification of what's objectionable, not the first step. If, however, the court has any, believes there's ambiguity here, the key thing is the district court, when he denied the motion for determination, the reason he denied it, he actually assumed they weren't using the spec, and he ruled they had no contractual duty to do so. That's the error that requires correction from this court, and either the court should... Where did he say they had no contractual duty to do so? Where? That's in his... In his court opinion, where did he say that? Because I'm not sure that he made the error that you're claiming he made. The closest I can see to something that would support you is on JA3, in the middle paragraph. At JA3, the first full paragraph, the fundamental dispute here seems to be about whether the agreement requires clear play. One, to use a specific process or methodology to determine what to code as objectionable content, i.e. use the specifications in the process of deciding what to code as objectionable content when creating its filters. Okay, that's the interpretive question that we respectfully submit. He erred on the agreement. It does require them to use these things. If they don't use the specifications to make the products, we have what we have, which are thousands of noncompliant products. Well, what about on page 721 of the joint appendix, where we have the testimony of their vice president, who says that he had to hire new filter developers and make them go back and re-watch all of these things in order to make sure that they're compliant with COC specifications. What about that? It sounds like you may well be right, that they didn't do it on the first hand, but once they were told to do it, they hired additional people and went back and made sure that what they had done, not with reference to your specifications, was actually consistent with, and then they made changes if it wasn't. Your Honor, this is just kicking up dust here, this sort of statement. These filter developers, they weren't even, he talked about we didn't give them all the specifications. They gave none of them the specifications. It's undisputed that none of the filter developers were given the specifications. What we are seeking is an order recognizing there's a duty to use the specifications and have the district judge order them to use the specifications at least from now until the end of this agreement at the end of 2013. We believe that's not much to ask for, and that will at least mean we don't have thousands of more noncompliant filters to maybe review someday, no matter where it might have to be done. Do you agree that all the parties agreed to abandon the sample set procedure? No, Your Honor, that's the second thing I wanted to mention. In the court's order here at J0004, this is after remand, the district court specifically reordered the use of the sample set. The district court said, the court finds it will be more efficient and fair to use the same… I'm sorry, where are you at? I'm sorry, Your Honor. J004. The largest paragraph at the top of the page, last sentence. The district judge says, it will be more efficient and fair to use the same procedure as before with the results from a representative sample set of filters being presumed to apply to all the filters from which the sample was obtained. So, we were sent back to redo the sample set. We made some arguments about it, but that was what we were supposed to do. That's what the court ordered us to do, and we were going to go forward with that. And then, a month before the hearing was to start, they take 8-8 off the market and say, we're done. I mean, you know, what… Now, we did not… Wait a minute. I remember, and I don't have it at my fingertips, but I certainly will find it. I remember that after this, you again objected, let's see, my clerk found it, 5-8-9-9 and said, no, that won't work. So, you told the court, no, you weren't willing to do this. Right? And the court disagreed with me. And the court told us to use the sample set. After this, you said no. Yeah, and the court did not accept that argument. The court never changed its mind about using the sample set until it… In fact, it never issued an order saying no sample set until it decided it wanted to… until it granted the motion for mootness. But we did not take a case about 2,000 filters. He never agreed. When he said it was moot, his mootness is premised on the idea that the 1,992 filters are not before the court. So, I don't see how you can say he's not using it as a sample set. He actually explicitly said he wasn't in the mootness decision. We never took a motion to enforce, which is about thousands of filters, and reduced it to 8. We never did that. There's nothing in the record where we did that. It would be ludicrous for us to do that. Why would we do that? And even if there's no sample set, I think the sample set can apply. The party stipulated to it for one thing, so there's no due process issue. But whether or not there's a sample set, that's just the way to decide the case. You either use the sample set or not. Using the sample set is an efficient way of resolving a case about 2,000. But it's still about 2,000 if you don't want to use the sample set. Then you've got to figure out another way to resolve the case. So, what really are you asking for now that this seems to be all over the map? What are you asking for from this court? I am asking, Your Honor, for an order saying there is a duty for them to use the specifications to identify what's objectionable. To tell the district either to say on the record their admissions say they didn't fulfill that duty and they're in breach. Or to remand it for the district court to make a factual determination on that. And if he finds that they didn't use it… Wait, a factual determination on what? The eight filters are not in the case anymore. So, what factual determination are we going to ask him to make? I just, I can't figure out how to write the opinion that you want to have written. We ask for finding a breach that is clearly requested in the motion. A breach of what? The eight filters aren't in the case. But the case is about more than eight filters. And we never reduced it to just eight filters. Well, the district court didn't make a decision on the other 1,992. So, how can we review it and find that they breached on those 1,992 when there were no fact findings made by the district court below? Or 1,992? The court's error was the contract interpretation. And we're asking this court to fix that error. And fixing that error is not the same thing. You just said to Judge Newman, you wanted us to find them in breach. That's what you asked her to do, for this court to do. And I don't see how we could possibly do that. So I'm trying to figure out from you, is there a way we can do that? And now you're saying you're backing away. And you're saying, no, I want you to just say this is what they have to do. Then the court, or the special master, or the arbitrator, or whoever implements it, would then say, did they comply? You want us to say what they need to do to be in compliance. Is that right? I'm trying to understand what you want. We had a motion in force asking for finding a breach. We never got to finding a breach. They didn't concede breach. So the case isn't moved because we never got what we asked. There was never a ruling on that. The court denied the motion. He denied the motion to enforce. They withdrew the eight filters. So you did get a ruling. Well, then there's something to review. And, of course, this court should say then that they're He denied it. Then they removed them from the case. What is there for us to review? That the filters are not in the case anymore. So you want us to go back and say eight filters that are not in the case, on a case that's moved. He was wrong not to grant your motion. Well, Your Honor, the admissions are they didn't use the specifications to identify the content for all the filters. Not just the eight. For all of them. He didn't make any fact findings with regard to all the filters. He didn't make any decisions. Do you agree that there is no decision by the district court, factual or legal, on the 1,992 filters? There's only on the eight. He said it's moved and I'm not deciding it. So there's no finding on that. Yes, so he made no finding on those. So we can't review a non-finding. It doesn't exist. Well, you can tell him he needs to make a finding because we asked for finding a breach, and we're entitled to a finding of breach because they don't use the specifications, and the agreement requires them to use the specifications. That's the fundamental problem here. If not, we're left in a situation where they can continue to repudiate the agreement, ignore the specifications, cranking out a non-compliant filter. Can't you go under 4.6? Can't you bring an arbitration? In fact, aren't you required to under the contract? Isn't that what's supposed to happen? It's important for this court to know because they've raised a lot of talk about this. The district court ruled in the related case that we cited this decision to the court that 4.6 is optional, that we didn't exercise the option, and that they never exercised the option to arbitrate. So this case was never under 4.6. Now we can go to 4.6 as to things that arise in the future if one party demands it, which they could, and they probably would in the future. But the present dispute was never invoked. There was no motion to compel arbitration, Your Honor, and they decided instead to litigate. They tried to defend their litigation strategy here in this court. To answer my question, it sounded to me like there was no formal motion, but you had requested and there was a hearing you said, and that the district court ruled and all the parties agreed to proceed with the litigation and forego arbitration. Right. They chose a litigation strategy. Is that a correct statement that you made to me? I didn't. They said something to that effect. They never moved for arbitration. They never formally asked for arbitration. They never—you can actually— Was there a hearing on that issue? Not specifically on that issue. Because you said there was. There was some talk about it in a hearing. Well, in response to my question, you told me that there was a hearing on the issue of whether to have arbitration or not. I believe that was counsel, Your Honor. They chose to litigate instead of arbitrate, even defending the decision on this court. So they waived arbitration for 4-6. Thank you, Your Honor. Okay. Thank you. Thank you both. The case is taken into submission.